IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PHILLIP O'NEIL,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| V. ) | Civil No. **03-838-JPG** |
| ) | |
| **STEPHEN C. BRYANT,** ) | |
| ) | |
| Respondent. ) | |

### REPORT AND RECOMMENDATION

Petitioner Phillip O'Neil, a.k.a. Jabo, is currently incarcerated at Graham Correctional Center, having been sentenced to 30 years imprisonment for the 1994 murder of Michael Adams. (*People of the State of Illinois v. Phillip O'Neil*, No. 94-CF-457 (Ill. 20th Cir. (St. Clair Co.) 1994). Petitioner, proceeding pro se, is before the Court, seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. **(Doc. 1).**

This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

### Synopsis of the Facts

Based on petitioner's brief on direct appeal **(Doc. 10, Exhibit A)**, the relevant events are summarized as follows.

On May 23, 1994, the victim, Michael Adams, had been in and out of the apartment he shared with his girlfriend, Brenda Pitts, and her children, including fourteen-year-old Ledonna. Adams had been asked to leave by Brenda Pitts, her brother, Jacques Pitts, and her sister, Tamiko. While at the apartment, Adams and defendant argued– by some accounts about t-shirts. At the time of the shooting, Adams exited the apartment and approached a friend in a van, at

which time petitioner approached Adams.  By petitioner's account, he was afraid of Adams and thought Adams was armed.  Petitioner fired a shot that missed Adams– possibly a warning shot.  Adams then threw up his hands, said "Like that's supposed to scare me," and walked away, at which time petitioner shot Adams and hit him in the chest.  Adams, grasping his chest, fell, and petitioner then shot two to four more times.  Adams died of multiple gunshots, including one to the left front of his forehead.  **(Doc. 10, Exhibit A, pp. 4-9).**

### Issues Presented

Petitioner O'Neil raises the following arguments:

1. Petitioner was denied effective assistance of counsel at trial because his attorney:

   a. pursed a theory of innocence in the face of overwhelming evidence to the contrary, rather than arguing self-defense; and

   b. not calling petitioner O'Neil, Jacques Pitts and Brenda Pitts to testify.

2. The State improperly used:

   a. the perjured testimony of Detective Kyle before the grand jury;

   b. perjured testimony of Ladonna Glasper at trial; and

   c. withheld exculpatory evidence regarding Ladonna Glasper and Brenda Pitts informing the State of false statements.

3. Petitioner's second post-conviction petition was erroneously dismissed when post-conviction counsel failed to comply with Illinois Supreme Court Rule 651(c).

**(Docs. 1 and 12).**

Respondent counters that petitioner's second ground for relief, regarding perjured testimony and exculpatory evidence, has been procedurally defaulted, in that petitioner failed to pursue those issues through the full state appellate process.  Furthermore, respondent contends

petitioner has failed to offer cause and/or prejudice for the default, and the actual innocence exception is inapplicable. Respondent otherwise argues that the first ground for relief, regarding ineffective assistance of counsel, was fully analyzed and properly rejected in the state courts, and petitioner's conviction was upheld based on overwhelming evidence. With respect to the third ground for relief, regarding the dismissal of the second post-conviction petition, respondent asserts that that issue is not cognizable under Section 2254. **(Doc. 10).**

In response, petitioner generally reasserts that trial and post-conviction counsel were ineffective. Petitioner further argues that cause and prejudice for overlooking any procedural default stems from the very fact that his conviction was unconstitutional, and that error was compounded at every level by ineffective counsel. From petitioner's perspective, all grounds for relief have been presented to the state courts. **(Doc. 12).**

### The Standard of Review

> Under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d)(1), habeas relief may be granted if the decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" In *Williams v. Taylor*, 529 U.S. 362, 405, 407, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the Court explained that a state court decision is "contrary to" Supreme Court precedent if the "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. An unreasonable application of Supreme Court precedent occurs when "the state court unreasonably applies it to the facts of the particular state prisoner's case" or "unreasonably extends a legal principle ... to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." To be unreasonable, the decision of the state court must not be simply incorrect or erroneous, it must have been "objectively unreasonable." *Wiggins v. Smith*, --- U.S. ----, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003).

***Johnson v. Bett*, 349 F.3d 1030, 1034 (7th Cir. 2003).**

**Procedural Prerequisites**

As a preliminary matter, it must be understood that petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. ***Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995).**

**A. Exhaustion**

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." ***O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).** "[S]tate prisoners must give the state court one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." ***Id.*;** *see also* **28 U.S.C. § 2254(c).** In *O'Sullivan v. Boerckel* the Supreme Court of the United States specifically addressed exhaustion under Illinois' two-tiered appellate process, holding that issues must be raised not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review (except under a limited number of special circumstances, which are not applicable to this case). ***O'Sullivan*, 526 U.S. at 843-846.**

Respondent concedes the timeliness of the petition, and that petitioner has exhausted all available avenues of relief through the State system, in that he is time barred from further pursuing the alleged constitutional errors in a state post-conviction proceedings. **(Doc. 10, pp. 9-10;** *see also* **725 ILCS 5/122-1(c)).** Thus, petitioner has cleared the first procedural hurdle, exhaustion.

**B. Procedural Default**

"[S]tate prisoners must give the state court one full opportunity to resolve any

<p><s><p>

constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* **526 U.S. at 842.** More to the point, the "fair presentment" doctrine requires that a petitioner give state courts a meaningful opportunity to pass upon the substance of the claims later pressed in federal court. *Howard v. O'Sullivan*, **185 F.3d 721, 725 (7th Cir. 1999).** For a constitutional claim to be fairly presented to a state court, both the operative facts and the "controlling legal principles" must be submitted. *Picard v. Connor*, **404 U.S. 270, 277 (1971).** "At bottom, the task of the habeas court in adjudicating any issue of fair presentment is assessing, in concrete, practical terms, whether the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis." *Verdin v. O'Leary*, **972 F.2d 1467, 1476 (7th Cir. 1992).**

There is a second way a claim may be procedurally defaulted– "[i]n general, federal courts 'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Aliwoli v. Gilmore*, **127 F.3d 632, 635  (7th Cir. 1997) (***citing Coleman v. Thompson***, 501 U.S. 722, 729 (1991)).** In the habeas context, this doctrine applies to bar consideration of any of a petitioner's federal claims which a state court declined to address because the petitioner failed to meet a state procedural requirement. *See Braun v. Powell*, **227 F.3d 908, 912 (7th Cir. 2000).** To be an adequate ground of decision, the state's procedural rule must be both "firmly established and regularly followed." *Ford v. Georgia*, **498 U.S. 411, 423-24 (1991) (quoting *James v. Kentucky*, 466 U.S. 341, 348 (1984); *see also Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000).** In order for this doctrine to apply, the last state court rendering judgment must rest its judgment on procedural default and make a plain statement that

it was relying either alone, or in the alternative, on the state procedural bar. *Harris v. Reed*, 489 U.S. 255, 265 (1989). However, no procedural default occurs if the state court's alternative finding constitutes a finding on the merits. *Robertson v. Hanks*, 140 F.3d 707, 709 (7th Cir. 1998).

Although no procedural default occurs if the state court's alternative finding constitutes a finding on the merits **(*Robertson v. Hanks*, 140 F.3d 707, 709 (7th Cir. 1998))**, the fact that a state court addresses the merits of a petitioner's federal claim in an alternative holding does not automatically eliminate the procedural bar. *See Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989) **("a state court need not fear reaching the merits of a federal claim in an alternative holding")**; *Jenkins v. Nelson*, 157 F.3d 485, 491 (7th Cir.1998) **("in order to foreclose review on habeas, the state court must actually state in plain language that it is basing its decision on the state procedural default and that other grounds are reached only in the alternative")**.

Respondent contends that petitioner has procedurally defaulted the second ground presented in his post-conviction petition, regarding the presentation of perjured testimony and the withholding of exculpatory evidence, because those issues were not presented at every step in the State appellate process. More specifically, respondent notes that these issues could have been raised on direct appeal, but they were not. **(*See* Doc. 10, Exhibit A (raising only the ineffective assistance of counsel based on lack of a coherent theory of defense).** Rather, arguments regarding the presentation of perjured testimony and the withholding of exculpatory evidence were first presented in the first petition for post-conviction relief. **(Doc. 10, Exhibit H).** Petitioner generally touched upon those issues in his appeal of the denial of the post-

conviction petition **(Doc. 10, Exhibit J)**, but he failed to pursue those issues in his petition for leave to appeal to the Illinois Supreme Court.  **(Doc. 10, Exhibit N).**  Therefore, it is evident that petitioner did not fairly present his second ground for relief at all levels of the State judicial system, as required by Section 2254 and *O'Sullivan v. Boerckel*.  Ground 2 has been defaulted.

A petitioner can circumvent this bar to review if he is able to demonstrate cause for the procedural error and establish prejudice resulting from that error.  ***Howard v. O'Sullivan*, 185 F.3d 721, 726 (7th Cir. 1999); and *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).**  Absent a specific showing of cause and prejudice, "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'"  ***Coleman*, 501 U.S. at 748.**  This exception requires a colorable claim of actual innocence as well as an allegation of a constitutional wrong.  ***See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) (miscarriage of justice exception applies to "actual" innocence as compared to "legal" innocence).**

Petitioner has not presented any viable arguments regarding "cause and prejudice" for having procedurally defaulted the second ground for relief.   From petitioner's perspective, being convicted due to the ineffective assistance of counsel suffices as cause and prejudice for any and all procedural missteps.  Petitioner also claims ineffective assistance of appellate counsel. This argument fails because it was petitioner's own failure to pursue the issues raised in ground two in his pro se petition for leave to appeal the denial of his post-conviction petition that caused the procedural default.  **(*See* Doc. 10, Exhibit N; *see also Murray v. Carrier*, 477 U.S. 478, 488 (1986) (the cause must be an external factor).**  Moreover, petitioner has failed to fully preserve and pursue the question of whether appellate counsel was ineffective because, although that issue

was raised in the post-conviction petition **(Doc. 10, Exhibit H)**, it was not presented in the subsequent appeal or petition for leave to appeal to the Illinois Supreme Court **(Doc. 10, Exhibits J and N)**. Therefore, petitioner's attempt to bootstrap claims of ineffective assistance of trial and appellate counsel fails.

Petitioner has not specifically asserted actual innocence, in that he has never denied that he shot the victim. Rather, petitioner asserts that he acted in self defense, and that trial counsel was ineffective in not pursuing that theory of defense. Respondent correctly notes that the Court of Appeals for the Seventh Circuit has not decided whether the actual innocence/manifest injustice exception can be premised upon a claim of self-defense. Nevertheless, to show "actual innocence," a petitioner must present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him. ***Dellinger v. Bowen,* 301 F.3d 758, 767 (7th Cir.2002),** *citing **Schlup v. Delo,*** **513 U.S. 298, 327 (1995).** Petitioner has failed to meet this standard.

As the Illinois Appellate Court observed:

> What defendant's arguments fail to consider is that the State had overwhelming evidence to support its case. While defendant now maintains that he shot the victim in self-defense, a thorough review of the record indicates that not one witness saw the vicitm with a gun or any other weapon. All witnesses testified that the victim threw his hands in the air and attempted to run after the first shot was fired. By all accounts, the first shot missed the victim. However, subsequent shots were fired and hit the victim. Witnesses testified that approximately six shots were fired. A forensic pathologist who performed the autopsy testified that the victim suffered multiple gunshot wounds. Self-defense was not a viable defense."

**(Doc. 10, Exhibit D, pp. 2-3).** Even if the witnesses and theory of defense petitioner preferred were presented, that one-sided balance is not altered.

Whether four shots or six shots were fired is immaterial. The sworn statement of Jacques

Pitts that the victim said he was going to blow petitioner's head off and that there were weapons nearby  **(Doc. 1, Exhibits, pp. 36 and 38)** and Brenda Pitts' sworn statement that the victim was known to keep a gun nearby **(Doc. 1, Exhibits, p. 11)**, do suggest that there was a basis for the petitioner to conclude that the bulge in petitioner's shirt was a gun and that he intended to use it. However, that mere possibility is ethereal in comparison to the aforementioned evidence. Furthermore, Jacques Pitts went on to state that he had previously removed the gun.  **(Doc. 1, Exhibits, p. 38).**  Similarly, any suggestion by Jacques Pitts that the victim was walking around a van where he could have retrieved a gun **(Doc. 1, Exhibits, pp. 39-40)** is complete speculation that is overwhelmed by the evidence that none of the witnesses saw a weapon, and that petitioner missed with his first shot and then returned to shoot the victim after he was already down. Jacques Pitts' statement to the police reflects that the victim was walking away with his back to petitioner, with his hands in the air.  **(Doc. 1, Exhibits, p. 92).**  Ladonna Glasper testified at trial that after the victim was first shot he was holding his chest, and as he was almost to a van, petitioner shot the victim a second and third time.  **(Doc. 1, Exhibits, p. 56).**  Therefore, the actual innocence/miscarriage of justice exception for procedural default is inapplicable.

Therefore, this Court concludes that ground two of the petition, regarding the presentation of perjured testimony and the withholding of exculpatory evidence, is procedurally defaulted, and not subject to review in federal court.

### Ground 1

Petitioner contends he was denied effective assistance of counsel at trial because  his

attorney:

    a.    pursed a theory of innocence in the face of overwhelming evidence to the contrary, rather than arguing self-defense; and

    b.    not calling petitioner O'Neil, Jacques Pitts and Brenda Pitts to testify.

A petitioner bears a "heavy burden in proving that [his or her] trial attorney rendered ineffective assistance of counsel." ***U.S. v. Holland*, 992 F.2d 687, 691 (7th Cir. 1993).** For a conviction to be reversed for ineffective assistance of counsel, a two-prong test must be met: (1) the trial counsel's representation must fall below an objective standard of reasonableness, and (2) counsel's deficient performance must have prejudiced the defense. ***Strickland v. Washington*, 466 U.S. 668, 687 (1984).** The first prong of the *Strickland* test requires a showing that counsel made errors so serious that counsel was not functioning as guaranteed the [petitioner] by the Sixth Amendment of the United States Constitution. ***Strickland*, 466 U.S. at 687.** The second prong of the *Strickland* test requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial. *Id.* Reasonable, informed strategic decisions are virtually unchallengeable under *Strickland*. *U.S. ex rel. Hampton v. Leibach*, 347 F.3d 219, 247 (7th Cir. 2003).

    Petitioner specifically takes issue with the appellate court's conclusions that "[D]efense counsel did a more-than-adequate job cross-examining the witnesses and attempting to submit a valid defense;" "Self-defense was not a viable defense. Defense counsel is not required to manufacture a defense where no valid defense exists;" and "Overall defense counsel did the best he could with the overwhelming evidence against defendant by putting forth a theory of a second shooter and alluding to self-defense." **(Doc. 10, Exhibit D, pp. 2-3).** The thrust of this issue goes to the requirement in Section 2254(d)(1) that the decision of the state court be contrary to,

or involve an unreasonable application of, clearly established federal law.

> In *Williams v. Taylor*, 529 U.S. 362, 405, 407, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the Court explained that a state court decision is "contrary to" Supreme Court precedent if the "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. An unreasonable application of Supreme Court precedent occurs when "the state court unreasonably applies it to the facts of the particular state prisoner's case" or "unreasonably extends a legal principle ... to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." To be unreasonable, the decision of the state court must not be simply incorrect or erroneous, it must have been "objectively unreasonable." *Wiggins v. Smith*, --- U.S. ----, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003).

*Johnson v. Bett*, **349 F.3d 1030, 1034 (7th Cir. 2003).**

In *Williams*, the Supreme Court stated, "It is past question that the rule set forth in *Strickland* qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" **Williams, 529 U.S. at 391.** Although petitioner cites *Strickland*, he has not specifically detailed how the *Strickland* test was improperly or unreasonably applied by the appellate courts. To be unreasonable, the decision of the state court must not be simply incorrect or erroneous, it must have been "objectively unreasonable." **Wiggins v. Smith, 539 U.S. 510 (2003).** Therefore, pursuant to 28 U.S.C. § 2254(d)(1) and *Johnson v. Bett*, 349 F.3d 1030, 1034 (7th Cir. 2003), habeas relief cannot be granted. The appellate court properly cited the *Strickland* test and reviewed the trial transcript within that framework. **(Doc. 10, Exhibit D).** The overwhelming weight of the evidence is fully analyzed above and will not be rehashed, except to add that had petitioner testified at trial, the Court's analysis would not change, as petitioner's purported testimony would merely have been in line with his police statement and the testimony of Jacques Pitts and Brenda Pitts, which has already been analyzed. Respondent correctly notes

that, in accordance with *Gardner v. Barnett,* 199 F.3d 915, 918 (7th Cir.1999), "petitioner must demonstrate that the state court decision was based on an unreasonable determination of the facts," and he has failed to meet that burden. **See also Cabrera v. Hinsley, 324 F.3d 527, 533 (7th Cir. 2003).** Therefore, this first ground for relief, based on ineffective assistance of counsel, fails. It is not this Court's job to re-weigh the evidence or substitute its judgment for the trier of fact.

## Issue 3

Petitioner argues that his second post-conviction petition was erroneously dismissed when post-conviction counsel failed to comply with Illinois Supreme Court Rule 651(c). Rule 651(c) states:

> **Record for Indigents; Appointment of Counsel.** Upon the timely filing of a notice of appeal in a post-conviction proceeding, if the trial court determines that the petitioner is indigent, it shall order that a transcript of the record of the post-conviction proceedings, including a transcript of the evidence, if any, be prepared and filed with the clerk of the court to which the appeal is taken and shall appoint counsel on appeal, both without cost to the petitioner. The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed pro se that are necessary for an adequate presentation of petitioner's contentions.

**ILCS S. Ct. Rule 651.**

A review of the record reveals that the second post-conviction petition was denied due to petitioner's failure to present a constitutional claim. **(Doc. 10, Exhibit Q).** More to the point, petitioner could not claim ineffective assistance of post-conviction counsel under the Illinois Post Conviction Hearing Act, 725 ILCS 5/122. **(Doc. 10, Exhibit Q, p. 2).** Therefore, as

respondent notes, on its face this ground for relief fails because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." **_Estelle v. McGuire_, 502 U.S. 62, 67-68 (1991);** see also **_Reed v. Clark_, 984 F.2d 209, 210 (7th Cir. 1993).**

With regards to the propriety of the basis for dismissal of the second petition, the Post Conviction Hearing Act dictates that a post-conviction petition be premised upon the denial of a federal constitutional right or right under the Illinois constitution. **725 ILCS 5/122(a)(1).** There is no right under the Illinois constitution to counsel in a post-conviction proceeding, nor is there a Sixth Amendment right to post-conviction counsel. **_People v. Porter_, 521 N.E.2d 1158, 1162-1163 (Ill. 1988); _Pennsylvania v. Finley_, 481 U.S. 551, 555 (1987).** Therefore, the decision to dismiss the second petition was correct. Moreover, the applicability of Rule 651 it is not readily apparent, since petitioner O'Neil filed the second petition pro se. **(Doc. 10, Exhibit P).**

Petitioner's responsive brief suggests an _entirely different argument_ relative to ground three; one which amounts to a rehash of the first ground. **(_See_ Doc. 12, pp. 9-12)**. Citing _Williams v. Taylor_, 529 U.S. 362, 412 (2000), petitioner argues that the state court decisions are contrary to clearly established law regarding the _Strickland_ standard, and this federal court has a duty to review whether he was denied effective assistance of trial counsel, regardless of the procedural prerequisites that have prohibited a review of the merits of the claim in the state system. Petitioner relies on the Circuit Court's order denying his first post-conviction petition, which states:

> It is clear that Defendant Phillip O'Neil was never afforded the right to testify at his own trial or present certain witnesses on his behalf due to his attorney's failure in this matter. The record is silent as to Defendant's desire to waive his Fifth Amendment protection and testify in this case, and the trial

> attorney of record's testimony regarding the same is very disturbing to the Court.
>
> In essence, Defendant has never contested that he shot the victim in the case, but that his whole defense strategy was based on some form of self-defense. Due to his trial attorney's representation, this was never presented to any jury for consideration.
>
> Also, it is clear that the issue of ineffective assistance of counsel has never been fully addressed on the merits by the Appellate Court. However, certain facets have been referred to regarding Ineffective Assistance of Counsel, in particular, the failure to call certain witnesses.
>
> In light of the Appellate Court's Rule 23 Order, and the language contained therein, as well as the initial trial court's Order, this Court cannot award Defendant a new trial, and, thus, the Petition for Post-Conviction Relief is denied.

**(Doc. 10, Exhibit I).** Ignoring that the petition was denied, petitioner focuses on the dicta in the Circuit Court's order, which suggests that there may have been ineffective assistance of counsel.

Although petitioner has not amended his petition, because he is proceeding pro se, this new issue will be briefly analyzed for the benefit of the District Court.

The Circuit Court's order denying the first post-conviction petition is conclusory and stands in distinct contrast to the Appellate Court's detailed analysis of trial counsel's performance and the weight of the evidence against petitioner. **(*See* Doc. 10, Exhibit I).** As analyzed above, petitioner's argument that his trial counsel was ineffective must fail. In *Williams v. Taylor*, the Supreme Court highlighted that the prerequisites of Section 2254(d) serve to narrow the scope of federal review.

> Again . . .
>
> In *Williams v. Taylor*, 529 U.S. 362, 405, 407, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the Court explained that a state court decision is "contrary to" Supreme Court precedent if the "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and

>arrives at an opposite result. An unreasonable application of Supreme Court precedent occurs when "the state court unreasonably applies it to the facts of the particular state prisoner's case" or "unreasonably extends a legal principle ... to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." To be unreasonable, the decision of the state court must not be simply incorrect or erroneous, it must have been "objectively unreasonable." *Wiggins v. Smith*, --- U.S. ----, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003).

***Johnson v. Bett*, 349 F.3d 1030, 1034 (7th Cir. 2003).**

Petitioner has only asserted that the state court decision is contrary to the controlling Supreme Court precedent, *Strickland v. Washington*. Petitioner has failed to cite controlling precedents that stand in contrast to the Appellate Court's decision regarding the effectiveness of trial counsel.

As respondent notes, a state court opinion can be "contrary to" clearly established federal law in one of two ways. First, a state court decision is contrary to the Supreme Court's precedent if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law. Second, a state court decision is contrary to Supreme Court precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court case and arrives at a result opposite to that reached by the Supreme Court. ***Williams*, 529 U.S. at 404-06, 412-13.** A state court decision involves an unreasonable application of Supreme Court precedent if the state court identified the correct governing legal rule from Supreme Court cases but unreasonably applied that rule to the facts of the particular state prisoner's case. ***Id*. at 408-410, 413-13.** The question for the federal court is whether the state court decision was objectively unreasonable. *Id*. at 1521-22. An unreasonable application of federal law is not the same as an incorrect or erroneous application. *Id*. at 409-11. As fully analyzed above, the Appellate Court's decision was wholly reasonable and, in addition, it appears correct.

Accordingly, this alternate argument fails.

## Recommendation

For the aforestated reasons, it is this Court's recommendation that petitioner Phillip O'Neil's petition for relief pursuant to 28 U.S.C. § 2254 **(Doc. 1)** be denied in all respects.

**Submitted: February 16, 2007**

                 s/ Clifford J. Proud
                 **CLIFFORD J. PROUD**
                 **U. S. MAGISTRATE JUDGE**

## Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **March 8, 2007**.