UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILLIP O'NEIL,<br><br>        Petitioner,<br><br>    v.<br><br>STEPHEN C. BRYANT,<br><br>        Respondent. | Case No. 03-cv-838-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 17) of Magistrate Judge Clifford J. Proud recommending that the Court deny petitioner Phillip O'Neil's ("O'Neil") petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. O'Neil has objected to the Report (Doc. 18).

**I.    Report and Recommendation Review Standard**

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Because O'Neil has objected to every aspect of the Report, the Court reviews all issues *de novo*.

**II.    Background**

The Report sets forth a complete picture of the relevant facts, to which no party has objected, and the Court sees no need to repeat those facts here. Suffice it to say for now that O'Neil was convicted in an Illinois state court in 1994 for the murder of Michael Adams. He

appealed his conviction and filed two state petitions for post-conviction relief, none of which resulted in a reversal of his conviction. O'Neil then filed this petition under 28 U.S.C. § 2254 raising three basic arguments: (1) that he was denied effective assistance of counsel because his trial counsel pursued a theory of innocence and not self-defense and because his trial counsel failed to call him and two other witnesses to testify, (2) that the prosecution improperly used perjured testimony in front of the grand jury and at trial and withheld exculpatory evidence and (3) that his second state post-conviction petition was erroneously dismissed.

### III. The Report

The Report finds that O'Neil's prosecutorial misconduct claims were procedurally defaulted because, while he raised the issues in his first post-conviction petition and touched on them in his appeal of the denial of that petition to the Illinois Appellate Court, he never presented those issues to the Illinois Supreme Court. The Report further found that O'Neil's procedural default was not excusable because he did not establish cause or prejudice from failing to do so or that the failure to hear his claims in this forum would amount to a fundamental miscarriage of justice.

The Report further found that the Appellate Court's resolution of O'Neil's ineffective assistance of counsel claims on direct appeal from his criminal conviction was not contrary to and did not involve an unreasonable application of clearly established federal law. The Appellate Court identified the proper legal standard – *Strickland v. Washington*, 466 U.S. 668 (1984) – and reasonably applied it consistent with United States Supreme Court precedent.

Finally, the Report noted that the Illinois courts properly rejected his second petition for post-conviction relief because it did not present a state or federal constitutional claim and that any flaws in the Illinois courts' conclusions cannot serve as a basis for federal *habeas* relief.

**IV.     O'Neil's Objection**

O'Neil objects to the Report's recommended disposition of his prosecutorial misconduct claims, arguing that the trial court that decided his first post-conviction petition did not understand, and therefore did not decide, many of the issues he raised in that petition. O'Neil believes this prevented him from presenting his claims to the Illinois Supreme Court.

O'Neil also objects to the Report's recommended disposition of his ineffective assistance of counsel claims. He believes the Illinois Appellate Court unreasonably applied *Strickland* to the facts when it did not find counsel ineffective after he promised the jury it would hear certain evidence about what O'Neil said during the events at issue in his criminal case, then declined to call O'Neil to the stand.

O'Neil objects to the Report's recommendation with respect to the issues regarding his second post-conviction petition. He makes other arguments about why the Illinois courts' resolution of the petition was wrong.

**V.     Analysis**

The Court has conducted a *de novo* review of all the issues to which O'Neil objects. It will address each issue in turn.

   A.     <u>Procedural Default of Prosecutorial Misconduct Claims</u>

The Report was correct that O'Neil procedurally defaulted his prosecutorial misconduct claims by failing to present them to the Illinois Supreme Court and that he has not shown cause for or prejudice from that default. Before a federal court will grant *habeas* relief to a state prisoner, the prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Illinois, this includes presenting

the issue in a petition for leave to appeal to the Illinois Supreme Court even though that review is discretionary. *Id.*

In O'Neil's case, his *pro se* petition for leave to appeal the denial of his first post-conviction petition to the Illinois Supreme Court did not contain his prosecutorial misconduct arguments. Thus, those claims were procedurally defaulted.

In his objection, O'Neil seeks to avoid the consequences of that default by arguing that he had cause for it and will suffer prejudice from it. Procedural default can be excused if the petitioner can show cause for the default and prejudice from it. *Dretke v. Haley*, 541 U.S. 386, 388 (2004).

There was no cause for O'Neil's default. He was not foreclosed from raising his claims in his petition for leave to appeal to the Illinois Supreme Court simply because the trial court that decided his first post-conviction petition and the Appellate Court that affirmed that denial may not have fully understood or appreciated those claims. He could have included those claims in his petition and argued that the lower courts had inadequately addressed them, but he did not.

Furthermore, O'Neil has not offered any evidence of prejudice. In light of the overwhelming evidence against him at trial, the prosecutorial misconduct he alleges was not serious enough to call into question the fundamental fairness of the proceedings or to have had a reasonable probability of changing their results.

Because O'Neil has failed to establish cause and prejudice for his procedural default, that default cannot be excused.

  B. <u>Ineffective Assistance of Counsel Claims</u>

The Report was correct that the Illinois Appellate Court properly and reasonably applied the *Strickland v. Washington*, 466 U.S. 668 (1984), test to O'Neil's ineffective assistance of

counsel claims on direct appeal.

With respect to claims adjudicated on the merits in state court, a federal court can grant a writ of *habeas corpus* only if the state court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established Supreme Court law if the state court (1) applies a rule that contradicts the governing law as determined by the Supreme Court or (2) decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1044 (7th Cir. 2001). A decision is an "unreasonable application of" clearly established Supreme Court law if the state court applies the proper law to the facts of a criminal defendant's case in an objectively unreasonable manner. *Williams*, 529 U.S. at 407; *Ouska*, 246 F.3d at 1044. An *unreasonable* application is different than an *incorrect* or *erroneous* application of federal law. *Williams*, 529 U.S. at 410; *Roche v. Davis*, 291 F.3d 473, 481 (7th Cir. 2002). As long as the state court acted reasonably, this Court is not permitted to substitute its own independent judgment as to the outcome. *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000).

In this case, the Illinois Appellate Court identified the correct legal standard – *Strickland*. O'Neil has not pointed to, and the Court has been unable to find on its own, any Supreme Court case with materially indistinguishable facts that was decided any differently. Furthermore, the Court cannot say that the Illinois Appellate Court applied *Strickland* to the facts in an objectively unreasonable manner. The Illinois Appellate Court's opinion exhibited thoughtful and reasonable analysis of the evidence, the defenses available to O'Neil in light of that evidence and his counsel's performance in light of those choices. Counsel's performance cannot therefore

serve as a basis for *habeas* relief.

    C.    <u>Dismissal of Second Post-Conviction Petition</u>

The Report was correct to find that nothing relating to the denial of O'Neil's second post-conviction petition presented any constitutional issue warranting federal *habeas* relief.

**VI.**    **Conclusion**

For the foregoing reasons, the Court **ADOPTS** the Report (Doc. 17), **DENIES** O'Neil's petition for a writ of *habeas corpus* (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  May 4, 2007**

                                                      s/ J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**