UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PHILLIP O'NEIL,

        Petitioner,

v.

STEPHEN C. BRYANT,

        Respondent.

Case No. 03-cv-838-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Phillip O'Neil's motion for a certificate of appealability (Doc. 22) and motion for leave to proceed *in forma pauperis* (Doc. 23).

**I.**     **Motion for Certificate of Appealability (Doc. 22)**

A § 2255 petitioner may not proceed on appeal without a certificate of appealability. 28 U.S.C. § 2253(c)(1); *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045. To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.")

The Court finds that O'Neil has made such a showing with respect to the following arguments:

that the state court unreasonably applied clearly established federal law when it found that O'Neil received constitutionally effective counsel with respect to the decision whether to testify in his own defense in his criminal case.

The Court makes this finding based primarily on ambiguities in the state court record concerning O'Neil's post-conviction state court petition, namely, the factual findings and legal conclusions in the state court's April 25, 1999, order denying that petition (Ex. I to Def. Resp.). Accordingly, the Court hereby **GRANTS** O'Neil's motion for a certificate of appealability (Doc. 22) on this issue and **CERTIFIES** the issue as **APPEALABLE**.

**II.      Motion for Leave to Proceed *In Forma Pauperis* (Doc. 23)**

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).  The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).  A party who has been permitted to proceed *in forma pauperis*

The Court is satisfied from O'Neil's affidavit that he is indigent.  The Court further finds that the legal points involved in the certified issue are reasonably arguable on their merits and that this appeal of the certified issue is taken in good faith.  Therefore, it **GRANTS** the motion for leave to proceed on appeal *in forma pauperis* (Doc. 23).

**IT IS SO ORDERED.**
**DATED:  June 6, 2007**

                                                          s/ J. Phil Gilbert
                                                          **J. PHIL GILBERT**
                                                          **DISTRICT JUDGE**