UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILLIP O'NEIL, ) | |
| ) | |
| Petitioner-Appellant, ) | |
| ) | Dist. Case No. 03-cv-838-JPG |
| v. ) | Appeal Case No. 07-2305 |
| ) | |
| STEPHEN C. BRYANT, ) | |
| ) | |
| Respondent-Appellee. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner-appellant Phillip O'Neil's agreed motion to supplement the record on appeal pursuant to Federal Rule of Appellate Procedure 10(e) and Seventh Circuit Rule 10(b) (Doc. 34). O'Neil's case is currently before the United States Court of Appeals for the Seventh Circuit on appeal of this Court's denial of his petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. O'Neil seeks to add to the record on appeal transcripts of O'Neil's state court criminal trial, post-trial proceedings and post-conviction proceedings. The transcripts, O'Neil argues, are critical to a fair adjudication of the issue on appeal. Those transcripts were not contained in this Court's records and were not considered by this Court in denying O'Neil's petition.

Generally, modification of a record on appeal is not permitted. "The appellate stage of the litigation process is not the place to introduce new evidentiary materials." *Berwick Grain Co. v. Illinois Dep't of Ag.*, 116 F.3d 231, 234 (7th Cir. 1997); *accord McClendon v. Indiana Sugars, Inc.*, 108 F.3d 789, 795 (7th Cir. 1997) ("Evidence that was not proffered to the district court in accordance with its local rules is not part of the appellate record; it has no place in an appellate brief."). The record on appeal in all cases consists solely of "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified

copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). The Seventh Circuit has explained why a party may not supplement the record on appeal with evidence that the district court did not consider: "The parties may rely on appeal only on materials furnished to the district judge. Otherwise they deprive the opposing party of an opportunity to comment on them and the district judge of an opportunity to evaluate their significance." *Henn v. National Geographic Society*, 819 F.2d 824, 831 (7th Cir. 1987).

O'Neil relies on Federal Rule of Appellate Procedure 10(e) to justify modifying the record on appeal. Rule 10(e) is a limited exception to the general rule forbidding modification of the record on appeal and allows modification where the record contains an omission or misstatement of the true occurrences in the district court. Fed. R. App. P. 10(e). However, where the record accurately reflects district court proceedings, Rule 10(e) is not applicable. The Court believes the current record on appeal accurately reflects the district court proceedings, which did not involve the transcripts now sought to be added to the record on appeal. Accordingly, Rule 10(e) modification is inappropriate. The Court therefore **DENIES** the motion to supplement the record on appeal (Doc. 34).

While the Court is disturbed that materials deemed by both sides to be critical to the fair adjudication of the issues on appeal will not be contained in the record on appeal, it is even more disturbed that such critical evidence was not presented to this Court in the first instance. Indeed, the respondent represented to the Court that in his view "none of these transcripts is necessary to a fair determination of this cause." Resp't's Answer ¶ 12. This Court was indeed concerned as to the state court proceedings related to O'Neil's case and would have liked to consider the transcripts now offered as "critical." If the parties believe the Court erred in not requesting the additional transcripts pursuant to Rule 5(c) of the Rules Governing § 2254 Proceedings, the

Court would entertain a motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from judgment solely as to its ruling on the limited issue now on appeal. The Court **DIRECTS** the Clerk of Court to send this order to the Court of Appeals.

**IT IS SO ORDERED.**
**DATED: April 9, 2008.**

s/ J. Phil Gilbert
**The Honorable J. Phil Gilbert, District Judge**
