UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PHILLIP O'NEIL, )
 )
    Petitioner-Appellant, )
 ) Dist. Case No. 03-cv-838-JPG
v. ) Appeal Case No. 07-2305
 )
GERARDO ACEVEDO[1], )
 )
    Respondent-Appellee. )

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner-appellant Phillip O'Neil's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 37). Respondent Gerardo Acevedo, in turn, filed a motion to dismiss O'Neil's Rule 60(b) motion as an impermissible second or successive petition for *habeas* relief (Doc. 38) because O'Neil is requesting review of the Court's prior decision on the merits. *See* 28 U.S.C. § 2244(b)(1); *Gonzalez v. Crosby*, 545 U.S. 524 (2005). O'Neil has responded to that motion (Doc. 40), pointing out that he is not requesting the Court to revisit its merits decision. He only wants the Court to reopen the case, accept the tendered transcripts that it did not consider in connection with its original opinion and immediately resubmit the supplemented record on appeal to the Court of Appeals, in other words, to do an end run around the rules and caselaw forbidding supplementing the record on appeal with matters not before this Court. In his reply (Doc. 41), Acevedo concedes that if that is all O'Neil is asking for, his Rule 60(b) motion is not a successive petition but argues that it should still be denied as a *bona fide* Rule 60(b) motion.

The Court declines to dismiss O'Neil's Rule 60(b) motion as a second or successive

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Gerardo Acevedo, petitioner's current custodian, has been substituted as the respondent in this case.

petition. It is true that generally a Rule 60(b) motion that challenges a final judgment by advancing a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion). However, because O'Neil filed his motion before his appellate remedies were exhausted and advances no new arguments in it, the Court does not consider it to be a second or successive petition and believes it has jurisdiction to consider it. *See Thomas v. United States*, 328 F.3d 305, 307 (7th Cir. 2003); *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999). "A timely request for reconsideration is a motion in the original case, not a disguised effort to start a new case." *Thomas*, 328 F.3d at 307. The Court does not believe *Gonzalez* alters this rule. *Gonzalez* spoke of Rule 60(b) motions that challenged *habeas* judgments long since final, but judgments that are still appealable have not yet become final and do not yet "count" as a first proceeding for the § 2255 counter. *Johnson*, 196 F.3d at 805.

A word is in order, however, about what Rule 60(b) relief would mean in this case. If the Court were to grant relief under Rule 60(b), it would be based on the Court's mistake in overlooking its ability to request full transcripts. In truth, the Court misunderstood the breadth of the materials available to it in deciding this case and, as a consequence, did not request transcripts of the underlying proceedings. If the Court decides such a mistake warrants relief from judgment, the Court would not proceed as O'Neil asks – simply supplementing the record and sending the case back to the Court of Appeals. Instead, it would vacate its judgment, require the parties to submit new briefs on the question of ineffective assistance of counsel for failing to allow O'Neil to testify at his trial, accept the tendered transcripts and refer to them to the extent

2

they are cited in the briefs.  It would then issue a new decision on the issue and enter a new judgment incorporating that decision.  The parties could then take a fresh appeal from that decision, placing the entire matter again in the lap of the Court of Appeals but with a full record.  The Court would not, as O'Neil requests, simply reopen the case to add transcripts to the record and then allow the Court of Appeals, instead of this Court, to decide the matter in the first instance considering the "critical" supporting materials.  To do this would achieve an end run around the rules regarding supplementing the record on appeal.

The Court realizes O'Neil may not want the Court to render a new decision considering the materials sought to be added to the record.  If he does not want a new decision from this Court, he may move to withdraw his Rule 60(b) motion and may still petition the Court of Appeals to supplement the record on appeal.  *See* Fed. R. App. P. 10(e)(2) & (3).  Otherwise, the Court will consider the Rule 60(b) motion.

For this reason, the Court **DENIES** Acevedo's motion to dismiss (Doc. 38).  In his motion to dismiss, Acevedo asks that the Court give him additional time to respond to the merits of the Rule 60(b) motion should it deny the motion to dismiss.  The Court will accommodate this request and **ORDERS** that Acevedo shall have up to and including July 3, 2008, to respond to the Rule 60(b) motion and that O'Neil shall have ten days from the date of Acevedo's response to file a reply.  The Court **DIRECTS** the Clerk of Court to send this order to the Court of Appeals.

**IT IS SO ORDERED.**
**DATED:  June 17, 2008.**

s/ J. Phil Gilbert<br>
**The Honorable J. Phil Gilbert, District Judge**