UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PHILLIP O'NEIL,                          )
                                         )
          Petitioner-Appellant,          )
                                         )        Dist. Case No. 03-cv-838-JPG
v.                                       )        Appeal Case No. 07-2305
                                         )
GERARDO ACEVEDO[1],                      )
                                         )
          Respondent-Appellee.           )

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner-appellant Phillip O'Neil's motion for

relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 37). Respondent

Gerardo Acevedo has responded to the motion (Doc. 43), and O'Neil has replied to that response

(Doc. 44).

O'Neil was convicted in an Illinois state court in 1994 for the murder of Michael Adams.

He appealed his conviction and filed two state petitions for post-conviction relief, none of which

resulted in a reversal of his conviction. O'Neil then filed a petition under 28 U.S.C. § 2254

raising three basic arguments, including the argument that he was denied effective assistance of

counsel because his trial counsel pursued a theory of innocence and not self-defense and because

his trial counsel failed to call him and two other witnesses to testify. The Court found that the

Illinois Appellate Court properly and reasonably applied the *Strickland v. Washington*, 466 U.S.

668 (1984), test to O'Neil's ineffective assistance of counsel claims, and accordingly denied

O'Neil's § 2254 petition. It did, however, grant O'Neil a certificate of appealability on the

question of whether his counsel was constitutionally ineffective for failing to call him as a

witness to testify in his own defense.

In considering O'Neil's petition, the Court failed to consult the transcripts of a post-

_____

[1]Pursuant to Federal Rule of Civil Procedure 25(d), Gerardo Acevedo, petitioner's current
custodian, has been substituted as the respondent in this case.

conviction hearing held by the state trial court inquiring into the adequacy of counsel's performance. Reviewing the transcript would have been helpful to the Court's understanding of a confusing order issued by the trial court judge in which O'Neil's post-trial motion was denied. The Court's failure to consult this part of the state court record was based on its mistaken understanding that the transcript was not available because it had not been submitted as part of the record. The Court had forgotten that Rule 5(c) of the Rules Governing § 2254 proceedings allows it to request such transcripts and had overlooked the respondent's statement that the transcript was available for the Court's review (although it represented that the transcript was unnecessary to a fair determination of the case). The parties' failure to discuss the transcript in their briefs allowed this error to go unnoticed until O'Neil sought to supplement the record on appeal with this and other transcripts from the state court proceedings. At that time O'Neil asserted, and the respondent did not disagree, that the transcripts were "critical" to the case.

The Court denied O'Neil's motion to supplement the record, finding it was not proper to supplement the record on appeal with materials not before the Court when it made its original ruling. *See Berwick Grain Co. v. Illinois Dep't of Ag.*, 116 F.3d 231, 234 (7th Cir. 1997) ("The appellate stage of the litigation process is not the place to introduce new evidentiary materials."). However, the Court suggested O'Neil request reconsideration of the Court's denial of his § 2254 petition if he believed the Court made a reversible error in not requesting the additional transcripts pursuant to Rule 5(c) of the Rules Governing § 2254 Proceedings. O'Neil made a Rule 60(b) motion to vacate the Court's denial of his § 2254 petition, although he requested that the Court simply supplement the record with the omitted transcripts and resubmit the record on appeal rather than issue a new decision considering the newly submitted transcripts. The Court clarified that if it granted the motion, it would indeed issue a new decision and not simply work an end-run around the rules regarding supplementing the record on appeal. It further invited O'Neil to withdraw his motion if he did not want that relief. O'Neil did not withdraw the

2

motion, which is now fully briefed and before the Court for decision.

As a preliminary matter, the Court notes that it does not have jurisdiction to rule on O'Neil's Rule 60(b) motion at this time because this case is on appeal. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, the Court may certify that it is inclined to grant the motion using the procedures set forth in Circuit Rule 57. Circuit Rule 57 provides, "A party who during the pendency of an appeal has filed a motion under Fed. R. Civ. P. 60(a) or 60(b), Fed. R. Crim. P. 35(b), or any other rule that permits the modification of a final judgment, should request the district court to indicate whether it is inclined to grant the motion." Under that process, if the Court wants to reconsider O'Neil's § 2254 petition but cannot do so because of the pendency of his appeal, the Court can certify that it is inclined to grant the motion to reconsider. If it were so inclined, the Court of Appeals could then remand the case for reconsideration by this Court. Thus, the question before the Court now is whether it will certify that it is inclined to grant O'Neil's Rule 60(b) motion.

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). It is not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993).

The Court's mistake in this case seriously calls into question the reliability of its decision to deny O'Neil's § 2254 petition. Its mistake was not a simple legal error that resulted in a questionable conclusion but was instead an error in the Court's fundamental understanding of the procedural mechanisms created to promote fair rulings on § 2254 petitions. As a result of the Court's mistake, the prior proceedings did not make use of those mechanisms, and the Court did consider all the appropriate materials in assessing the reasonableness of the state trial court's April 25, 1999, order denying O'Neil's first state post-conviction petition and the Illinois Appellate Court order affirming that decision. Relief from judgment is appropriate in this case to allow the Court an opportunity to render a judgment taking full advantage of the procedures it mistakenly overlooked before. To hold otherwise would risk a fundamental miscarriage of justice.

For this reason, the Court **CERTIFIES** that it is inclined to grant O'Neil's Rule 60(b) motion (Doc. 37), to set a new briefing schedule on the issue of whether the state court unreasonably applied clearly established federal law when it found that O'Neil received constitutionally effective counsel with respect to the decision whether to testify in his own defense in his criminal case, and to render a new final judgment. The Court **DIRECTS** the Clerk of Court to send this order to the Court of Appeals.

**IT IS SO ORDERED.**
**DATED: August 11, 2008.**

> s/ J. Phil Gilbert
> **The Honorable J. Phil Gilbert, District Judge**